MORRIS COMMUNICATIONS, INC., Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Richard DUNCAN, d/b/a Anderson Communications, Intervenor.

No. 01–1123.

United States Court of Appeals, District of Columbia Circuit.

April 17, 2002.

Before EDWARDS and TATEL, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This cause came to be heard on appeal from an order of the Federal Communications Commission and was briefed and argued by counsel. It is

 ORDERED AND ADJUDGED that the order of the Federal Communications Commission ("FCC") is hereby affirmed in part and vacated in part. Morris Communications, Inc. ("Morris") challenges both the cancellation of its license by the FCC and the award of a finder's preference to inter-venor Richard Duncan. We reject the latter claim, because Morris has no standing to challenge the award to Richard Duncan. See Free Air Corp. v. FCC, 130 F.3d 447, 449 (D.C.Cir.1997).

 The cancellation of Morris's license occurred by operation of law when Morris did not comply with an express condition of that license—that Morris construct facilities to put that license in use within one year of issuance. See 47 C.F.R. § 90.631(f) (1990). That Morris's only notification of this cancellation provision came via express conditions placed on the license (and the license renewal) in no way undermines the operation of that provision.

When the FCC notified Morris that the license had cancelled automatically (albeit several years after the effective date of cancellation), Morris challenged the application of § 90.631(f) before the FCC, largely claiming that it would be unfair to revoke the license after Morris had already built facilities in reliance on the license renewal. In its Application for Review to the FCC, Morris also explicitly argued that the FCC should waive the one-year construction requirement. See Application for Review at 10. In disposing of the Application for Review, the FCC failed to respond to this waiver argument. See In re: Richard Duncan d/b/a Anderson Communications, 16 F.C.C.R. 4,312, 4,312 (2001).

In its appeal to this court, Morris was far from candid in addressing the disputed license condition. The court therefore understands the frustration expressed by the FCC counsel at oral argument when she attempted to explain that the FCC did not consider the waiver argument because it was part of a larger argument pinned on the specious proposition that the license was unconditional. This court, however, requires such explanations to be made by

the agency, not the agency's lawyers on appeal. *See Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 212, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). Therefore, this court is constrained to remand this case to the agency for consideration of Morris's claim that the FCC should have waived the one-year construction requirement in this case. It is therefore

*ORDERED* that the case is vacated in part and remanded on the limited question of the FCC's failure to consider Morris's claim that the one-year construction requirement should be waived. It is

*FURTHER ORDERED* that the remaining claims presented in the appeal are denied.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.